UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-49-TWP-DLP-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARK ANTHONY CARTER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00049-TWP-DLP |
| ) | |
| MARK ANTHONY CARTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on *pro se* Defendant Mark Anthony Carter's ("Mr. Carter") Motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 72.) Mr. Carter seeks immediate release from incarceration because of the Coronavirus pandemic. *Id*. For the reasons explained below, his motion is **denied**.

## I. BACKGROUND

In May 2020, Mr. Carter was charged by Superseding Indictment with: Count One: distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and Count Two: possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Dkt. 34.) On July 28, 2020, he pled guilty to Count Two (Dkt. 50). On August 7, 2020, the Government dismissed Count One, and the Court sentenced Mr. Carter to 215 months of imprisonment and 5 years of supervised release. (Dkt. 60.) Mr. Carter appealed his conviction and sentence on August 12, 2020. (Dkt. 62.) That appeal remains pending. *See United States v. Carter*, No. 20-2520 (7th Cir.).

Mr. Carter is 52 years old. He is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). As of December 3, 2020, the Bureau of Prisons ("BOP") reports that 175 inmates and 21 staff members at FCI Terre Haute have active cases of COVID-19; it also reports that 171 inmates at FCI Terre Haute have recovered from COVID-19 and that one inmate at FCI Terre Haute has died from the virus. https://www.bop.gov/coronavirus/ (last visited Dec. 3, 2020). Mr. Carter represents that he has served 10 months of his sentence. (Dkt. 72 at 2.) The BOP gives his projected release date as April 22, 2035.

On November 23, 2020, Mr. Carter filed a *pro se* motion for compassionate release. (Dkt. 72.) That Motion is currently before the Court.[1]

## II.  DISCUSSION

Mr. Carter seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 72.) Mr. Carter contends that the current outbreak of COVID-19 at FCI Terre Haute supports his immediate release. *Id.* at 7. He notes that he faces increased risk from COVID-19 because he is an older, African-American man with underlying health conditions (including diabetes, high cholesterol, high blood pressure, and obesity). *Id.* He explains that he tested positive for COVID-19 on October 4, 2020, which puts him at a high risk for reinfection. *Id.* He contends that the BOP has failed to protect him by mishandling the COVID-19 pandemic, thereby placing him in danger. *Id.*

---

[1] The Court concludes that it does not require a response from the Government to resolve the issues presented by Mr. Carter's motion.

### A. **Effect of Pending Appeal**

Before addressing the merits of Mr. Carter's Motion for compassionate release, the Court addresses a threshold issue: the effect of his pending appeal on this Motion. "Ordinarily, the filing of a timely notice of appeal from a final judgment ousts the district court of jurisdiction to proceed further in the case except in aid of appeal." *United States v. Ellison*, 557 F.2d 128, 132 (7th Cir. 1977); *see also United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("a district court may not interfere with this court's jurisdiction by amending a decision that is under appellate review"). This general rule is, however, subject to "the exception that a district court may consider such matters as authorized by statute or rule." *Ellison*, 557 F.2d at 132. One such rule is Federal Rule of Criminal Procedure 37(a), which provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The rule does not define "substantial issue," but the Committee Notes to the 2011 Amendment state:

> Often it will be wise for the district court to determine whether in fact it would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances, the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal.

Fed. R. Crim. P. 37 (Committee Notes to 2011 Amendment).

If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the circuit clerk. Fed. R. App. P. 12.1(a). The court of appeals may then remand for further proceedings. Fed. R. App. P. 12.1(b).

Rule 37(a) gives this Court jurisdiction to deny Mr. Carter's Motion on the merits. *Cf. Ellison*, 557 F.2d at 132 (concluding that, by expressly prohibiting district courts from granting motions for new trial during the pendency of a direct appeal, Fed. R. Crim. P. 33, by negative implication, authorizes district courts to entertain such motions and deny them without seeking leave from the court of appeals); *see also United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (collecting cases and explaining that, under Second Circuit precedent, district courts may deny, but not grant motions over which they lack jurisdiction due to a pending appeal); *United States v. Elmer*, No. 1:17-cr-113-JRS-TAB-1, Dkt. 258 at 4–6 (S.D. Ind. Sept. 10, 2020) (concluding that Rule 37(a) gave the court jurisdiction to deny defendant's motion for compassionate release on the merits while his direct appeal was pending). For the reasons explained in Part B, below, the Court concludes that Mr. Carter's Motion would be denied on the merits even if he had not filed his direct appeal. Thus, the Court exercises its discretion to deny the motion under Rule 37(a)(2).[2]

**B.** **Merits of Compassionate Release Motion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

---

[2] As explained, the Court concludes that Rule 37(a)(2) gives it jurisdiction to deny Mr. Carter's motion for compassionate release on the merits. In the event the Seventh Circuit determines that this Court lacks jurisdiction to deny the motion without permission, the Court states that this Order should be understood as an indicative ruling under Rule 37(a)(3) that finds that the Court would deny Mr. Carter's motion if the Seventh Circuit were to remand the case for further proceedings.

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[3] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

---

[3] Mr. Carter represents that he submitted a request for relief to his warden on September 7, 2020, more than 30 days ago. (Dkt. 72 at 3.)

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since

7

the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Carter does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. (*See* generally Dkt. 72.) Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case. *Id.* The Court declines to do so.[4]

---

[4] Mr. Carter represents that his warden did not respond to his administrative request for relief. (Dkt. 72 at 3.) Thus, under the analysis directed by the Seventh Circuit's decision in *Gunn*, the BOP has not offered an analysis of Mr. Carter's case to which the Court must give substantial weight.

The risk that Mr. Carter presently faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. Mr. Carter professes to have medical conditions (including obesity and diabetes) that put him at an increased risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 3, 2020). But Mr. Carter contracted COVID-19 about two months ago. He does not declare to be suffering from any lasting effects from the virus—or even that he ever experienced any symptoms at all. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

Mr. Carter's concern about reinfection does not change the result. The Court recognizes that FCI Terre Haute is currently in the midst of a COVID-19 outbreak, but any argument that Mr. Carter is likely to be reinfected is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Dec. 3, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-

9

cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020).

To the extent Mr. Carter is arguing that the BOP's handling of the COVID-19 pandemic is an extraordinary and compelling reason warranting release, the Court disagrees. Such complaints might support a civil suit. But, because an alternative avenue of relief exists, such complaints do not constitute an extraordinary and compelling reason for release.

Given the Court's determination that Mr. Carter has not shown extraordinary and compelling reasons to justify his release, whether Mr. Carter is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors also weigh against his release. The undersigned sentenced Mr. Carter only four months ago and is fully aware of the facts of his case. At the time of his sentencing, the Court and Mr. Carter were aware of Mr. Carter's medical conditions, (*see* Dkt. 51 at 15,) and the dangers of the COVID-19 pandemic to incarcerated people. Nonetheless, the Court concluded that a sentence of 215 months was appropriate because, among other reasons, Mr. Carter sold approximately a pound of methamphetamine to a confidential source and qualified as a career offender under the relevant sentencing guidelines. (Dkt. 69 at 12–13, 15–16.) This sentence reflected a downward departure from the advisory guideline range of 262 to 327 months. *Id.* at 19. Even if Mr. Carter was not found to be a career offender, his guideline range would have been 140 to 175 months. *Id.* at 43. By his own calculation, Mr. Carter has served only approximately 10 months of his sentence, and the BOP reports that he is not due to be released for more than 24 years. The only thing that has changed since Mr. Carter was sentenced is that his facility has experienced an outbreak of COVID-19 and he has contracted the virus, apparently without experiencing any serious or debilitating effects. While the Court sympathizes

with Mr. Carter's fear of the virus, on these facts, the Court cannot conclude that the § 3553(a) factors warrant release at this time.

### III.   CONCLUSION

For the reasons stated above, Mr. Carter's Motion for compassionate release, (Dkt. [72]), is **DENIED**.

**SO ORDERED.**

Date:  12/4/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark Anthony Carter, Reg. No. 17392-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana  47808

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov